## Commonwealth *vs.* Mason W. Presby.

A police officer, arresting a person without a warrant, under *St.* 1855, c. 215, § 23, tor being intoxicated in a public street, is not liable criminally for an assault, if he had reasonable cause to believe such person to be intoxicated, although he was not in fact intoxicated.

Indictment for an assault and battery. Trial in the court of common pleas in Middlesex at October term 1858, before *Aiken,* J., to whose rulings the defendant alleged exceptions, the material part of which is stated in the opinion of the court. The decision was made in January 1860.

Hoar, J. The defendant, a police officer and watchman of the city of Lowell, arrested one Harford for being intoxicated in a public street in that city in the night time, and committed him to the watch house. For this act, he was indicted for an

assault and battery upon Harford; and at the trial, the presiding judge was asked to instruct the jury, " that if said Presby had reasonable or probable cause to believe that said Harford was intoxicated at the time of the arrest, then he was authorized in taking and retaining the said Harford." But the judge refused so to rule, and instructed the jury that if Harford was not intoxicated, they should find the defendant guilty; to which refusal and instruction exceptions were taken.

The duty and power of a police officer to make an arrest without a warrant, for the offence of intoxication, arise from the *St.* of 1855, *c.* 215, § 23; which provides that " if any person shall be found in a state of intoxication, in any highway, street, or other public place, any sheriff, deputy sheriff, constable, watchman or police officer shall, without any warrant, take such person into custody, and detain him in some proper place, until, in the opinion of such officer, he shall be so far recovered from his intoxication as to render it proper to carry him before a court of justice," &c.

It is argued on behalf of the Commonwealth, that if Harford was not intoxicated, this statute affords no justification for his arrest, because the fact, and not a suspicion or belief, however reasonable, of intoxication, is requisite to such justification.

This may be true in regard to the civil rights of the person whose liberty is invaded; and in a civil action, the wrongdoer must usually justify his act, or be held responsible for the damages which it occasions. And it may be conceded that if the defendant had no other defence to this indictment than a justification of the act, his defence fails.

We come, then, to the consideration of the question, whether it is true, as a universal proposition, that every imprisonment, arrest or detention of the person, which is not capable of a technical justification, constitutes a criminal assault and battery. However loosely the doctrine may have been stated in elementary books, it is evident, upon a careful consideration, that this cannot be so; and we are aware of no adjudged case in which it has been so determined.

To constitute a criminal act, there must, as a general rule, be

a criminal intent. " An unwarrantable act," says Blackstone, " without a vicious will, is no crime at all." 4 Bl. Com. 21. " Ignorance or mistake is a defect of will ; when a man, intending to do a lawful act, does that which is unlawful. For here, the deed and the will acting separately, there is not that conjunction between them, which is necessary to form a criminal act. But this must be an ignorance or mistake of fact, and no an error in point of law." 4 Bl. Com. 27. This principle is recognized by all the best authorities upon criminal law. Thus in 1 Russell on Crimes, (7th Amer. ed.) 1, it is said that " without the consent of the *will*, human actions cannot be considered as culpable ; nor where there is no will to commit an offence, is there any just reason why a party should incur the penalties of a law made for the punishment of crimes and offences." And in 1 Hale's Pleas of the Crown, 15, the general doctrine is stated, that " where there is no will to commit an offence, there can be no transgression." See also 1 Gabbett Crim. Law, 4. And in all these writers, ignorance of fact, unaccompanied by any criminal negligence, is enumerated as one of the causes of exemption from criminal responsibility.

As an application of the rule, *Levett's case,* cited by Justice Jones in Cro. Car. 538, is most often quoted. In that case, upon an alarm of thieves in the night time, the master of the house killed a person found secreted in a closet, who was not a thief, but was there by lawful means ; but the act having been done under the reasonable belief that the person killed was a felon, the excuse was held sufficient. And Hale gives the illustration of a sentinel firing at his commanding officer, who advances to his post, under the reasonable belief that he is an enemy, as coming within the same rule. 1 Hale P. C. 42.

The principle is applied directly to the case of assaults, in 1 Russell on Crimes, 754. " Whether the act shall amount to an assault must, in every case, be collected from the intention." And it has been said by this court, that " it is undoubtedly true, that in order to support an indictment for an assault and battery, it is necessary to show that it was committed *ex intentione,* and that if the criminal intent is wanting, the offence is not

made out." *Commonwealth* v. *Randall*, 4 Gray, 38. The court indeed add, that " this intent is always inferred from the unlawful act; " but by an unlawful act is meant intentional violence, without justification or excuse; and where ignorance of fact is an excuse, the inference is rebutted. Insanity or idiocy has always been held an excuse for an act otherwise criminal, because there is no criminal intent accompanying the act.

There may be in many cases some difficulty in applying these familiar principles to the facts proved ; and great caution should certainly be used in admitting the excuse of ignorance or mistake, so as to exclude from its protection those who do not exercise all reasonable means to inform themselves before they commit an act which is apparently an invasion of private right, and a breach of the public peace ; and not to sanction violence under circumstances where there is no necessity for any action whatever.

But in the case we are now considering, the duty is made imperative upon the officer to make the arrest without a warrant, if he finds an intoxicated person in the street. The language of the statute is not that he " may," but that he " shall " arrest the offender. If he neglects this duty, he is liable to an indictment. He has then this alternative presented, that if the person whom he sees is really intoxicated, he must arrest him, or suffer the consequences of official misconduct. The fact of intoxication, though usually easy to ascertain, is not a fact capable of demonstration, or of ascertainment with absolute certainty, in most cases. Suppose a watchman to find a man in the gutter, stupefied, and smelling very strongly of spirituous liquors. The man may have fallen in a fit, and some person have tried to relieve him by the application of a stimulant, and then have left him in search of assistance. Or, in another case, the person arrested may have been simulating, for purposes of amusement or mischief, the appearance and conduct of drunkenness. Is the officer to be held a criminal, if, using his best judgment and discretion, and all the means of information in his power, in a case where he is called upon to act, he makes a mistake of fact, and comes to a wrong conclusion ? It would

be singular indeed, if a man deficient in reason would be protected from criminal responsibility; and another, who was obliged to decide upon the evidence before him, and used in good faith all the reason and faculties which he had, should be held guilty.

Upon the exceptions before us, we therefore feel bound to decide, that the defendant, being required by his official duty to make the arrest, if the fact of intoxication existed; and acting in a matter which did not admit of absolute certainty; if he acted in good faith, upon reasonable and probable cause of belief, without rashness or negligence, is not to be regarded as a criminal because he is found to have been mistaken; and that the exceptions must be sustained, and a new trial granted.

*R. B. Caverly,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, cited *St.* 1855, *c.* 215, § 23; *Rohan* v. *Sawin,* 5 Cush. 281.